# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | No. C 12-02165 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE CASE TO ALAMEDA COUNTY SUPERIOR COURT** |
| v. | |
| ANDY PULIDO, | [Re: ECF No. 10] |
| Defendant. | |

## I. BACKGROUND

Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") brought an action for unlawful detainer against Defendant Andy Pulido in Alameda County Superior Court on July 8, 2011. *See Federal Home Loan Mortgage Corp. v. Pulido*, No. HG-11-584489 (Alameda County Sup. Ct.). On January 18, 2012, Mr. Pulido, who is proceeding *pro se*, removed the case from state court, alleging federal question jurisdiction. *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-00277 LB ("*Pulido I*"), Notice of Removal (First), ECF No. 1.[1] The court remanded the action back to state court because federal jurisdiction was lacking. *Pulido I*, 02/17/2012 Order, ECF No. 10.

On March 14, 2012, Mr. Pulido removed the action for a second time. *Federal Home Loan*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1  *Mortgage Corp. v. Pulido*, No. C12-01264 LB ("*Pulido II*"), Notice of Removal (Second), ECF No.
2  1.[2] His second notice of removal was virtually identical to his first one and asserted the same
3  grounds for removal. *Compare Pulido I*, Notice of Removal (First), ECF No. 1 *with Pulido II*,
4  Notice of Removal (Second), ECF No. 1. The court again remanded the action back to state court
5  because federal jurisdiction was lacking, and the court warned Mr. Pulido that if he removed the
6  case on the same grounds again, he risked being sanctioned under Federal Rule of Civil Procedure
7  11. *Pulido II*, 4/10/2012 Order, ECF No. 14.

8  Mr. Pulido removed the action for a third time on May 1, 2012. Notice of Removal (Third), ECF
9  No. 1.[3] Although it contains some new, additional text, his third notice of removal asserts the same
10 grounds for removal as did his previous two notices of removal. *See generally id*.

11 FLHM moves to remand the action back to state court. Motion, ECF No. 10. Mr. Pulido did not
12 timely oppose the motion. Notice of Non-Opposition, ECF No. 12. Pursuant to Civil Local Rule 7-
13 1(b), the court finds this matter suitable for determination without oral argument and vacates the
14 July 5, 2012 hearing.

## II. LEGAL STANDARD

16 A defendant in a state court may remove an action to federal court so long as the action could
17 have originally asserted federal-question jurisdiction.[4] 28 U.S.C. 1441(b). The burden is on the
18 removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v.*
19 *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review
20 of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto
21 that removal should not be permitted, the court *shall* make an order for summary remand." 28

---

[2] Initially, *Pulido II* was assigned to Magistrate Judge Ryu, but it was subsequently related to *Pulido I* and reassigned to this court. *Pulido I*, 4/2/2012 Order Relating Case, ECF No. 13.

[3] Initially, *Pulido III* was assigned to Magistrate Judge Laporte, but it was subsequently related to *Pulido I* and *Pulido II* and reassigned to this court. *Pulido I*, 5/17/2012 Order Relating Case, ECF No. 16.

[4] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

"[A] party is not entitled, under existing laws, to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." *St. Paul & C. Ry. Co. v. McLean,* (1883) 108 U.S. 212, 217 (brackets added). The ban on successive removals, however, does not apply in circumstances where the moving party advances a different theory of removal based on newly discovered facts or a change in relevant law. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt to remove on the initial pleadings may file a removal petition when subsequent pleadings or events reveal a new and different ground for removal). But absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance changes between the first and second tries.") (internal citation omitted).

### III. DISCUSSION

Mr. Pulido's third notice of removal is deficient. The text at pages five through seven of his third notice of removal is identical to that found in his first and second notices of removal. *Compare*

*Pulido I*, Notice of Removal (First), ECF No. 1 at 2-4 and *Pulido II*, Notice of Removal (Second), ECF No. 1 at 2-4 *with Pulido III*, Notice of Removal (Third), ECF No. 1 at 5-7. It again asserts that the court has federal-question jurisdiction under 28 U.S.C. § 1443(1). *See Pulido III*, Notice of Removal (Third), ECF No. 1 at 5-7. As mentioned above, the court has twice rejected Mr. Pulido's attempts to remove the case on this ground. *Pulido I*, 02/17/2012 Order, ECF No. 10; *Pulido II*, 4/10/2012 Order, ECF No. 14.[5]

The text at pages two through five of his third notice of removal is new, but it also does not establish removeability. This text, which appears to have been copied nearly verbatim from a opposition brief filed in the Southern District of Ohio and which is available on the internet, *see Hritz v. Doe, et al.*, No. 1:00-cv-00835-HJW, Memorandum in Opposition, ECF No. 4 (S.D. Ohio Nov. 13, 2000), *available at* http://www.citizen.org/documents/HritzRemandOppMemo.pdf, is wholly irrelevant to this action. This text concerns the amount-in-controversy requirement for diversity jurisdiction. The court, however, already made clear in its first order remanding the case back to state court that diversity jurisdiction does not exist because FHLM filed suit in California, and Mr. Pulido is a citizen of California. *Pulido I*, 02/17/2012 Order, ECF No. 10 at 4. 28 U.S.C. § 1441(b), the court explained, prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. *Id*.

---

[5] In its first order remanding this case back to state court, the court explained that this statute "allows the removal of any civil action that is commenced in state court against 'any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" *Pulido I*, 02/17/2012 Order, ECF No. 10 at 3 (quoting 28 U.S.C. § 1443(1)). "According to the United States Supreme Court, 'a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights . . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State.'" *Id*. at 3-4 (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations and citations omitted)).

The court then pointed out that "Mr. Pulido has established neither of these elements, and FHLM's complaint contains no facts which would otherwise confer federal jurisdiction." *Id*. at 4 (citing *Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses)).

## IV. CONCLUSION

In short, Mr. Pulido has removed this action for a third time and on the same grounds that he asserted, and that the court rejected, in his first and second notices of removal. Thus, FHLM's motion for remand is **GRANTED**.[6] FHLM is **ORDERED** to serve Mr. Pulido with a copy of this order no later than July 1, 2012.

The court warned Mr. Pulido in its 4/10/2012 Order that he faced the possibility of being sanctioned under Rule 11 if he removed this action based on the same grounds that he asserted before. *Pulido II*, 4/10/2012 Order, ECF No. 14 at 2. Having been apprised of this possibility, and having done so anyway, sanctions could reasonably be imposed. Nonetheless, the court warns Mr. Pulido one more time that, should he remove this action to federal court on the same grounds for a fourth time, he may be subject to Rule 11 sanctions in an amount to be set by the court.

Accordingly, the court **REMANDS** the case to Alameda County Superior Court. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: June 25, 2012

LAUREL BEELER
United States Magistrate Judge

---

[6] All parties have consented to the undersigned's jurisdiction. *Pulido II*, Consent (Plaintiff) ECF No. 4; *Pulido III*, Consent (Defendant), ECF No. 7.